## 59981. CHAPMAN v. JOYCE.

SHULMAN, Judge.

Appellant brings this appeal from a jury verdict adopting the findings of processioners appointed to settle a disputed boundary

line between separate tracts of land owned by appellant and appellee. We affirm.

1. In her first enumeration of error appellant asserts that "[t]he Trial Judge erred in overruling [appellant's] Motion to Set Aside the Findings (Return) of Processioners."

The record in this case clearly establishes that the processioners diligently traced the disputed boundary lines before making a choice in favor of the line asserted by appellee. Contrary to appellant's contentions, "[n]othing in the chapter of the Code on processioning [Code Ann. Ch. 85-16] makes any requirement respecting the placing of line or corner markers or requires that such markers be placed on any particular interval or spacing and nothing in the law as it presently exists requires that every foot or inch of a line be drawn on the face or surface of the earth, or that the processioners or a majority of them actually walk over or along the entire line without omitting any interval in so doing. All that is required of the processioners and the surveyor is that the lines be traced and marked anew so as to locate the lines with some definiteness . . . The fact that the processioners may have used an erroneous or illegal or improper method in ascertaining the location of the line would not subject their return to dismissal, but would merely authorize a jury finding against the line as run." *Hackle v. Bowen,* 89 Ga. App. 799, 802 (81 SE2d 294). Appellant's first enumeration of error is therefore without merit.

2. Appellant further contends that the trial court erred in overruling her motion for new trial based on the general grounds and on the trial court's refusal to set aside the return of the processioners. We disagree. Our holding in Division 1 of this opinion disposes of appellant's argument that the processioners' return should have been set aside. Furthermore, a thorough review of the record in this case discloses ample evidence upon which the jury could have premised its verdict. This being so, appellant's contentions of error on the general grounds are likewise without merit.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED JUNE 16, 1980 — DECIDED JULY 1, 1980.

*Herschel Herrington,* for appellant.
*Russell L. Clark, Will Ed Smith,* for appellee.